**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-5135**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

SOLOTHAL THOMAS, a/k/a Itchy-Man,

                Defendant - Appellant.

**No. 06-5159**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

EDUADO SHAWAN COUNTESS, a/k/a Bam, a/k/a Eduardo Countess,

                Defendant - Appellant.

Appeals from the United States District Court for the District of
Maryland, at Baltimore. Catherine C. Blake, District Judge.
(1:04-cr-00232-CCB)

Submitted:  May 7, 2008                 Decided:  June 10, 2008

Before WILLIAMS, Chief Judge, TRAXLER, Circuit Judge, and Terry L. WOOTEN, United States District Judge for the District of South Carolina, sitting by designation.

---

Affirmed by unpublished per curiam opinion.

---

Arcangelo M. Tuminelli, Baltimore, Maryland, for Appellant Solothal Thomas; Joseph J. McCarthy, DELANEY, MCCARTHY & COLTON, PC, Alexandria, Virginia, for Appellant Eduado Shawan Countess. Rod J. Rosenstein, United States Attorney, Jason M. Weinstein, Andrea L. Smith, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Appellants Solothal Thomas and Eduado Shawan Countess of conspiracy to use, and use of, an interstate commerce facility in the commission of a murder-for-hire, in violation of 18 U.S.C.A. §§ 1958 (West 2000 & Supp. 2008) (Counts Two and Three); conspiracy to possess a firearm in furtherance of a drug trafficking crime (a conspiracy to distribute 1,000 or more kilograms of marijuana) and a crime of violence (the murder-for-hire conspiracy), in violation of 18 U.S.C.A. §§ 924(o) (West 2000 & Supp. 2008) (Count Four); possession of a firearm in furtherance of the same drug trafficking crime and crime of violence, in violation of 18 U.S.C.A. § 924(c) (West 2000 & Supp. 2008) (Count Five); and possession of a firearm in furtherance of the same drug trafficking crime and crime of violence resulting in death, in violation of 18 U.S.C.A. §§ 924(j) (West 2000 & Supp. 2008) (Count Six). The jury also convicted Countess of conspiracy to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C.A. §§ 846 and 841(b)(1)(A) (West 1999 & Supp. 2008) (Count One). The district court sentenced both men to multiple life sentences and to other concurrent and consecutive terms in addition to those life sentences. Finding no reversible error in Appellants' convictions, we affirm.

I.

On appeal, Appellants raise a number of arguments challenging their respective convictions, including the following: (1) the district court erred in instructing the jury that a motor vehicle is a "facility in interstate . . . commerce" under 18 U.S.C.A. § 1958 when the Government put on evidence that the "facility" element was satisfied by Appellants' use of a telephone; (2) the court violated Bruton v. United States, 391 U.S. 123 (1968), when it admitted, over Countess's objection, Thomas's post-arrest statement to a federal agent because the statement incriminated Countess; (3) the court erred in denying Thomas's motion to dismiss the indictment for lack of jurisdiction because, inter alia, there was no verified complaint and because Thomas did not consent to or understand the jurisdiction of the court; (4) the court erred in removing Thomas from the courtroom during trial for alleged disruptive behavior; and (5) Countess's Sixth Amendment rights were violated because, inter alia, the court refused to remove his appointed counsel when Countess made clear that he would not accept any counsel who swore allegiance to the U.S. Constitution.

We first consider Appellants' argument that the district court erred in instructing the jury that Appellants' use of a Jeep Cherokee motor vehicle could qualify as use of a "facility in interstate . . . commerce" under § 1958 when the Jeep never crossed state lines and the Government only presented evidence that

4

Appellants had used telephones as part of their murder-for-hire scheme, not the Jeep. As an initial matter, and as a majority of our sister circuits have held, the phrase "facility in interstate . . . commerce" encompasses motor vehicles that are used either in an intrastate or interstate fashion. See, e.g., United States v. Marek, 238 F.3d 310, 313 (5th Cir. 2001) (en banc) (holding that "§ 1958's use of a 'facility in interstate commerce' is synonymous with the use of an 'interstate commerce facility' and satisfies the jurisdictional element of the federal murder-for-hire statute, irrespective of whether the particular transaction in question is itself inter state or wholly intra state" (emphasis in original)). And, in 2004, Congress amended § 1958, striking the phrase "facility in interstate . . . commerce" and replacing it with "facility of interstate . . . commerce," to make pellucidly clear that the majority view is the correct interpretation of the statute. See Intelligence Reform and Terrorism Prevention Act of 2004, Pub. L. No. 108-458, 118 Stat. 3638 (2004); see also United States v. Perez, 414 F.3d 302, 305 n.5 (2d Cir. 2005) (stating that the December 2004 amendment "clarif[ied] rather than expand[ed] the scope" of § 1958).

With respect to Appellants' contention that the Government presented no evidence that they used the Jeep as part of their murderous plot, this contention is simply belied by the record. Indeed, the Government mentioned in its opening argument that the

5

"facility in interstate . . . commerce" element of § 1958 could be satisfied by the use of either vehicles or telephones, and the Government went on to detail the significant role that the Jeep Cherokee played in the murder-for-hire scheme. Thus, the district court did not err in instructing the jury that the "facility in interstate . . . commerce" element of § 1958 could be satisfied by Appellants' use of the Jeep as part of their murder scheme.

With respect to Countess's claim that the district court erred under <u>Bruton</u> in admitting Thomas's post-arrest statement, "I do know something about the murder, and I will only speak about myself," (Appellants' Br. at 21; Appellee's Br. at 26), this contention is wholly without merit. Even if Thomas's redacted statement implied the participation of at least one other person in the crime, it did not point in any way to Countess, and, on top of this fact, the district court gave a limiting instruction that the jury could only consider the statement as it related to Thomas's guilt. As such, no <u>Bruton</u> violation occurred. <u>See, e.g.</u>, <u>United States v. Akinkoye</u>, 185 F.3d 192, 198 (4th Cir. 1999) (recognizing that "statements that . . . do not even refer to the existence of the defendant are admissible and do not require severance").

Finally, we have considered Appellants' other arguments and reviewed the briefs in this case, and we find no reversible error in Appellants' convictions.

II.

For the aforesaid reasons, we affirm Appellants' convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

7